OPINION
Appellant Joseph C. Zabala appeals a judgment of the Delaware County Common Pleas Court disbursing funds from a sheriff's sale to appellees Paul Huff, Inc., dba Columbus Wood Products; Modlich Marble Granite, Inc.; and A D Electric:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN PREMATURELY RENDERING A JUDGMENT ENTRY GRANTING DEFENDANT-CROSS-APPELLEE PAUL HUFF, INC.'S DNA COLUMBUS WOOD PRODUCTS' MOTION TO DISBURSE FUNDS WITHOUT AFFORDING DEFENDANT-APPELLANT JOSEPH C. ZABALA AN OPPORTUNITY TO RESPOND AS REQUIRED UNDER CIVIL AND LOCAL RULES, RESULTING IN A DENIAL OF DUE PROCESS.
 II. THE TRIAL COURT ERRED IN PREMATURELY RENDERING AN ORDER TO DISTRIBUTE FUNDS GRANTING DEFENDANT-CROSS-APPELLEE MODLICH MARBLE'S MOTION TO DISBURSE FUNDS WITHOUT AFFORDING DEFENDANT-APPELLANT JOSEPH C. ZABALA AN OPPORTUNITY TO RESPOND AS REQUIRED UNDER CIVIL AND LOCAL RULES, RESULTING IN A DENIAL OF DUE PROCESS.
 III. THE TRIAL COURT ERRED IN PREMATURELY RENDERING A JUDGMENT ENTRY GRANTING THE MOTION OF DEFENDANT-CROSS-APPELLEE A D ELECTRIC TO DISBURSE FUNDS OR IN THE ALTERNATIVE TO SET THE MATTER OF DISBURSEMENT FOR HEARING WITHOUT AFFORDING DEFENDANT-APPELLANT JOSEPH C. ZABALA AN OPPORTUNITY TO RESPOND AS REQUIRED UNDER CIVIL AND LOCAL RULES, RESULTING IN A DENIAL OF DUE PROCESS.
In February of 1997, Bank One of Indianapolis filed a foreclosure action against appellant, involving appellant's personal residence. Appellees, who had each filed a mechanic's lien against the property, were joined in the action. Appellees each filed a cross-claim against appellant, claiming they were entitled to a portion of the proceeds from any foreclosure and subsequent sale, based on the mechanic's liens.
The court entered summary judgment on the foreclosure action. On April 22, 1998, the residence was sold at a sheriff's sale for $423,000. By judgment filed May 15, 1998, the Delaware County Common Pleas Court approved the sheriff's sale, discharged all liens on the property, including the mechanic's liens, and disbursed most of the funds. A remaining balance of $41,650.20 remained undistributed, and on account with the Clerk of Courts pending further order of the court. All three appellees filed motions to disburse funds, claiming they were entitled to funds pursuant to the mechanic's liens. As the balance remaining from the sale exceeded the aggregate sum of the pending liens, the court disbursed the funds in accordance with the motions made by appellees.
Four days after judgment disbursing the funds, appellant filed a Memorandum in Opposition to Disbursement. Appellant then appealed all three judgments of disbursement.
Appellant has filed a Notice of Dismissal of appellees Paul Huff, Inc., dba Columbus Wood Products, and Modlich Marble 
Granite, Inc. Therefore, the only remaining appellee in the instant appeal is A D Electric.
 I., II.
The first two Assignments of Error are directed toward appellees who have been dismissed from the action. Accordingly, the Assignments of Error are moot.
The first and second Assignments of Error are overruled.
 III.
Appellant argues that the court prematurely granted the motion of appellee A D Electric to disburse funds, without affording him an opportunity to respond. Appellant argues that according to Loc.R. 9 of the Delaware County Rules of the Court of Common Pleas, he had ten days after service of the motion to respond. He argues that the certificate of service on the motion does not indicate that it was served to counsel for appellant. In addition, he argues the court prematurely granted the motion, only six days after it was filed.
On March 17, 1997, appellee filed its cross-claim, claiming appellant owed $6,026.11 for electrical labor and materials furnished for the premises. Appellant never answered this cross-claim. Having failed to timely respond to the cross-claim, appellant has waived any error. Appellant cannot attempt to answer the cross-claim by way of a response to a motion to disburse funds, filed more than one year after the claim, and after foreclosure and sheriff's sale.
The third Assignment of Error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.